308 So.2d 744

In re Barbara Ann WILLIAMS

v.

STATE of Alabama.

Ex parte STATE of Alabama ex rel.
ATTORNEY GENERAL.

SC 852.

Supreme Court of Alabama.

Jan. 23, 1975.

Rehearing Denied March 6, 1975.

William J. Baxley, Atty. Gen. and Rosa Hamlett, Asst. Atty. Gen., for the state.

No appearance for respondent.

PER CURIAM.

Writ quashed.

HEFLIN, C. J., and MERRILL, COLEMAN, HARWOOD and FAULKNER, JJ., concur.

MADDOX and McCALL, JJ., dissent.

BLOODWORTH and JONES, JJ., not sitting.

MADDOX, Justice (dissenting).

I respectfully dissent. This is a close case only because of the mistake which this Court made in failing to review and reverse the Court of Criminal Appeals in the companion case of Albright v. State, 50 Ala.App. 480, 280 So.2d 186, cert. den. 291 Ala. 771, 280 So.2d 191 (1973).

It is quite apparent that the Court of Criminal Appeals relied strongly on the *Albright* case, and the question presented here of the sufficiency of the indictment is the same question presented in *Albright*. A statement from that Court's opinion shows just how strongly it relied on the *Albright* case. It said:

"The Attorney General, through one of his assistants, in brief, strongly contends this Court erred in its holding in

Albright and claims that the indictment in this case is sufficient. Well, we are not so persuaded. Albright was by a unanimous court and *there was no dissenting vote in the denial of the state's petition for writ of certiorari."* [Emphasis supplied.]

The Court of Criminal Appeals did not reach the merits, but classified the case as a "horrible" one. The Court noted:

"* * * Suffice it to say that death resulted from the actions of *a mother* possessed of a cold stone heart and completely devoid of the milk of human kindness." [Emphasis added.]

Consequently we are not dealing with the guilt or innocence of this mother for killing her infant child. Our attention is directed solely to a narrow and technical pleading question.

The Court of Criminal Appeals' reliance on *Albright* to answer the pleading question, I believe, is misplaced. It is true that *Albright* was by a unanimous Court of Criminal Appeals. It is true that this Court denied certiorari without a dissent. I believe *Albright* is wrong under the authority of Tempe v. State, 40 Ala. 350 (1867). It is quite apparent that *Tempe* was not discussed by the Court of Criminal Appeals in either this case or in *Albright*. I learned about the *Tempe* case for the first time when the Attorney General cited it in brief in support of his petition for certiorari. In view of the law set out in *Tempe,* I think *Albright* should be overruled.

In *Tempe,* the first count averred that the defendant unlawfully, and with malice aforethought, "killed an infant child;" the second, that she killed "an infant child;" the third, that she *"killed an infant child, name unknown to the grand jury, by exposing said infant to the cold and weather;"* and the fourth, that she killed "her infant child, name unknown, by want of care and attention, and by leaving it, and refusing to care and protect the same." It should be noted that the third count in *Tempe* is strikingly similar to the allega-

tions of the counts in the indictment before this Court. In *Tempe*, the defendant demurred to Count three of the indictment on the ground that the third count charged her with having killed "an infant child, name to the grand jury unknown, without any further description as to identity." The court overruled the demurrer, and the prisoner excepted. Consequently, the precise question presented to this Court in *Tempe* was whether the indictment was sufficient or not. That same question is presented here. In *Tempe* this Court said:

"It is insisted that the indictment is defective, for uncertainty in description, and for duplicity. The indictment is sufficiently certain, as to matter of description, under the provisions of the Code; and the objection of duplicity is not sustainable . . . *We are of opinion that the words 'infant child, name to the grand jury unknown,' is a sufficient description in an indictment of a human being upon whom the offense of murder may be committed.*" [Emphasis supplied.] 40 Ala. at 354–355.

Title 15, § 232, Code of Alabama 1940, provides:

"The indictment must state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment; and in no case are the words 'force of arms' or 'contrary to the form of the statute' necessary."

Title 15, § 233, Code of Alabama 1940, provides:

"The words used in an indictment must be construed in their usual acceptation in common language, except words and phrases defined by law, which must be construed according to their legal meaning."

I believe that *Tempe* is authority for the proposition that the indictment was sufficient. In any event, I do not think that the indictment was so defective as to affect the substantial rights of the accused. See Title 15, § 231, Code of Alabama 1940, which provides:

"An indictment must not be held insufficient, nor can the trial, judgment, or other proceedings thereon, be affected by reason of any defect or imperfection in any matter of form which does not prejudice the substantial rights of the defendant on the trial."

I personally think that this Court, by refusing to correct the error it made when it refused to review and reverse the Court of Criminal Appeals in *Albright*, has been too technical.

This court has recently appointed an advisory committee to draft proposed rules of criminal procedure. I am sure that the committee will use the Federal Rules of Criminal Procedure extensively in making their draft. Rule 7 of the Federal Rules of Criminal Procedure is quite similar to our Title 15, § 232, in that under either procedure, an indictment is sufficient if the language is *plain, concise,* and *definite.*

Under federal procedure, and I think under Alabama procedure as set out in the *Tempe* case, an indictment is sufficient if the offense be described with sufficient clearness to show a violation of law, to enable the accused to know the nature and cause of the accusation, and to plead a judgment, if one be rendered, in bar of further prosecution for the same offense. United States v. Behrman, 258 U.S. 280, 42 S.Ct. 303, 66 L.Ed. 619 (1922). I believe the indictment here met the *Behrman* test.

McCALL, J., concurs.